Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| FERNANDO L. TROCHE RIVERA<br><br>Apelante<br><br>v.<br><br>ALIANZA CORRECCIONAL UNIDA SERVIDORES PÚBLICOS UNIDOS AFSCME LOCAL 3500, et al.<br><br>Apelada | **TA2025AP00064** | *Apelación* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Civil núm.: SJ2024CV10436<br><br>Sobre: Daños y Perjuicios |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Rivera Colón, la Jueza Santiago Calderón, y la Jueza Trigo Ferraiuoli[1].

Trigo Ferraiuoli, jueza ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de noviembre de 2025.

Comparece la parte recurrida-apelante, el Sr. Fernando Troche Rivera (Troche Rivera o recurrido-apelante), mediante recurso de apelación presentado el 30 de junio de 2025 y solicita que revoquemos la *Sentencia Parcial* emitida el 30 de mayo de 2025, notificada el 3 de junio de 2025 por el TPI. En virtud de esta, el TPI desestimó la causa de acción de Troche Rivera contra la Lcda. Yarlene Jiménez Rosario (licenciada Jiménez Rosario), por no haberse diligenciado el emplazamiento dentro del término de ciento veinte (120) días dispuesto en la Regla 4.3(c) de Procedimiento Civil[2].

El 22 de octubre de 2025 emitimos una *Resolución* en la que dispusimos el trámite conjunto del presente recurso con el KLCE202500379, ya que por consideraciones tecnológicas estos no se pueden consolidar en el sistema SUMAC TA.

---

[1]Véase, Orden Administrativa OATA-2025-170 en la que se designó a la Jueza Trigo Ferraiuoli en sustitución del Juez Adames Soto.
[2] 32 LPRA Ap. V, R. 4.3(c).

Por los fundamentos que exponemos a continuación, REVOCAMOS la *Sentencia Parcial* emitida el 30 de mayo de 2025, que desestimaba la causa de acción en cuanto a la Lcda. Yarlene Jiménez Rosario (licenciada Jiménez Rosario). En consecuencia, se le ordena al TPI a expedir orden y emplazamiento por edicto a los fines de emplazar a la licenciada Jiménez Rosario.

## I. Resumen del tracto procesal y fáctico

Adelantamos que, reseñaremos el tracto procesal y fáctico concerniente a la controversia específica sobre la cual trata el presente recurso. No obstante, acogemos como referencia el trasfondo procesal y fáctico expuesto en el recurso KLCE202500379, el cual dio lugar a la controversia del presente recurso de apelación.

### A. Demanda de Daños y Perjuicios

El 10 de noviembre de 2024, Troche Rivera presentó una demanda sobre daños y perjuicios en contra de la Unión (SJ2024CV10436). En síntesis, alegó que la Unión, a pesar de haber sido apercibida de que debía apelar su despido ante la CIPA no lo hizo y, por ende, la demanda sobre sentencia declaratoria presentada por el DCR se declaró Con Lugar, quedando nulo el laudo de arbitraje y Troche Rivera destituido. Añadió que la actuación de la Unión de apelar ante el foro equivocado fue negligente y temeraria, pues ésta tiene experiencia en este tipo de casos y tuvo la oportunidad de leer la determinación que apeló y percatarse del foro adecuado para recurrir. Por lo anterior, afirmó que las actuaciones negligentes y temerarias de la Unión le causaron daños y angustias mentales, consistentes en que perdió su empleo, lo cual, presentado ante el foro adecuado, no hubiera ocurrido. También reclamó angustias mentales por $75,000.00 y los daños causados por la pérdida de su empleo estimados en $130,182.00, más los que se acumulen.

Luego de varios trámites procesales, el 23 de enero de 2025, Troche Rivera presentó una *Demanda Enmendada*, a los efectos de incluir a la licenciada Jiménez Rosario como codemandada. En esta le imputó las mismas alegaciones de negligencia que a la Unión. Además, argumentó que su actuación de apelar en el foro equivocado constituye negligencia en el desempeño de sus deberes como abogada. También alegó que las actuaciones de la licenciada Jiménez Rosario le causaron daños y angustias mentales. Por último, señaló que las actuaciones de la licenciada y de la Unión cumplen con los requisitos de una reclamación de daños y perjuicios bajo las disposiciones del Código Civil. Ese mismo día, el TPI ordenó[3] la expedición de los emplazamientos personales dirigidos a la licenciada Jiménez Rosario.

El 14 de abril de 2025, Troche Rivera presentó ante el TPI una *Moción en Solicitud de Autorización para Emplazar por Edicto*[4] a la licenciada Jiménez Rosario. Alegó que las gestiones para emplazarla personalmente resultaron infructuosas. A tales fines, acompañó una Declaración Jurada suscrita por la emplazadora, Eyleen Cruz Flores, la cual, en su parte pertinente, lee como sigue:

> Yo, EYLEEN CRUZ FLORES, mayor de edad, soltera, emplazadora y vecina de Yabucoa, Puerto Rico, bajo el más formal juramento declaro:
> 1. Que mi nombre y demás circunstancias personales son las anteriormente expresadas.
> 2. Que recibí de la Oficina del Lcdo. Pedro L. Betancourt Rivera, el día 14 de febrero de 2025, una Demanda y Emplazamiento sobre Daños y Perjuicios del caso de epígrafe para ser diligenciado sobre la persona de: LCDA. YARLENE JIM[É]NEZ ROSARIO, con dirección física: PMB 133 N[Ú]M. 1353, AVE. LUIS VIGOREAUX, GUAYNABO, PUERTO RICO 00966.
> 3. Que, dado que dicha dirección es una postal y no residencial me personé a la dirección de la Alianza Correccional Unida, ubicada en la Carretera Número 1 de Caguas a San Juan, siendo esta la dirección de trabajo de la codemandada el día 14 de marzo de 2025, a las 11:45 de la mañana, encontrándome allí a la Sra. Valdés, secretaria de dicha oficina y ésta me informó que la Lcda. Jiménez no se encontraba, pero le podía dejar mensaje, por lo que procedí a dejarle mensaje.

---

[3] Entrada Núm. 8 de SUMAC-TPI.
[4] Entrada Núm. 22 SUMAC TPI. Los emplazamientos personales se expidieron el 23 de enero de 2025. Los 120 días vencían el 23 de mayo de 2025.

4. Que regresé el día 17 de marzo de 2025 a las 2:00 de la tarde y la Sra. Valdés me informó que le había dado el mensaje y que ésta le comentó que me llamaría, por lo que dejé nuevamente un mensaje, ya que la Sra. Valdés me informó que la Lcda. Jiménez no tenía horario presencial de oficina.

5. Que regresé a dicha oficina nuevamente el día 19 de marzo de 2025, a las 10:00 de la mañana, donde la Sra. Valdés me informó que la Lcda. Jiménez no se encontraba y ya ella le había dado mis mensajes.

6. Que me personé nuevamente el 1 de abril de 2025 a dicha oficina y obtuve nuevamente la misma respuesta de la Sra. Valdés.

7. Que procedía (sic) a realizar una búsqueda en las redes sociales de Facebook e Instagram para ver si obtenía alguna información de la demandada sin obtener resultado alguno donde solamente logré corroborar la misma dirección postal que ya tenía.

8. Que procedí a acudir el día 3 de abril de 2025 al Correo Postal de Guaynabo, y hablé con el Postmaster Cruz y éste me informó que no conocía a dicha persona y no me podía brindar información alguna. También visité el Cuartel de Policía, hablando allí con el Agente Rivera, que no conocía a dicha persona y no me podía brindar información alguna. También visité el Municipio de Guaynabo, donde hablé con la Sra. Lourdes y ésta me informó que no conocía a dicha persona y no me podía brindar información alguna sobre la parte codemandada.

9. [...]

El 22 de abril de 2025, notificada el 25 de abril de 2025, el TPI declaró No Ha Lugar la solicitud de emplazamiento por edicto[5]. En la referida orden, el TPI expuso que, de las alegaciones de la demanda y una búsqueda en internet se identificaban direcciones adicionales de oficina y/o residencia en las que la licenciada Jiménez Rosario podía ser localizada. Señaló que de la declaración jurada no surgían las razones que impedían localizar a la letrada. En apoyo a su denegatoria, el TPI citó lo resuelto en el caso *First Bank v. Inmobiliaria Nacional*[6] respecto a que la norma que rige el emplazamiento de una persona pone todas las exigencias y requisitos sobre los hombros de la parte demandante.

El 7 de mayo de 2025, Troche Rivera presentó *Moción en Solicitud Reconsideración*[7], en la que alegó que hizo una búsqueda por internet y no encontró dirección física de la licenciada Jiménez Rosario, que encontró otra dirección en una sentencia del Tribunal

---

[5] *Orden,* Entrada Núm. 25 de SUMAC-TPI.
[6] 144 DPR 901 (1998).
[7] Entrada Núm. 26 SUMAC TPI.

de Apelaciones y que no se pudo localizar a la abogada. Expresó que la licenciada Jiménez Rosario no contestaba las llamadas telefónicas, que conoce que la están buscando para emplazarla y que ésta se oculta. A tales fines, presentó una segunda declaración jurada[8] que consignaba gestiones adicionales realizadas el 28 y 29 de abril de 2025, las cuales resultaron infructuosas, por lo que el 30 de abril de 2025, la emplazadora Cruz Flores acudió nuevamente a la Unión donde una persona le informó que la licenciada no se encontraba. También acompañó una captura de pantalla (*screenshot*) de la búsqueda en el directorio de abogados del Poder Judicial. En vista de lo anterior, le solicitó al TPI que reconsiderara su denegatoria y ordenara el emplazamiento por edicto a la brevedad posible.

El 7 de mayo de 2025, el TPI emitió y notificó una segunda orden[9] en la que nuevamente denegó la solicitud de emplazamiento por edicto. En esta ocasión, el TPI expresó lo siguiente:

> Si bien no le corresponde al tribunal localizar a las personas a ser emplazadas, en el ejercicio de nuestra función corroboramos la información cuando una parte alega que no se puede localizar otras direcciones en internet. Por tal razón, nos reafirmamos en que de una búsqueda rápida en internet en páginas oficiales (https://rcp.estado.pr.gov/en), se identifica otra dirección donde podría ser localizada y no se han hecho gestiones.

El 19 de mayo de 2025, Troche Rivera presentó *Segunda Moción en Solicitud de Autorización para Emplazar por Edicto*[10]. Acompañó una tercera declaración jurada en la que acreditó gestiones en direcciones adicionales, incluyendo en la residencia de la licenciada Jiménez Rosario, las cuales resultaron infructuosas[11].

---

[8] *Íd.,* Anejo-Declaración Jurada del 2 de mayo de 2025. En esta ocasión, la emplazadora añadió gestiones realizadas en la dirección Condominio San Martín, Oficina 105, Ponce de León 1605, San Juan, Puerto Rico, con los números de teléfono (787) 266-8150 y (787) 633-6931. Dichas gestiones se efectuaron los días 28 y 29 de abril de 2025. Surge además que, el 30 de abril de 2025, la emplazadora Cruz Flores acudió nuevamente a la Unión donde una persona le informó que la licenciada no se encontraba.

[9] Entrada Núm. 27 SUMAC-TPI.

[10] Entrada Núm. 30 SUMAC-TPI.

[11] En específico, declaró que el 14 de mayo de 2025 acudió a la residencia Palmas de Monte Verde 94 Ramal 842, apartamento 155, San Juan, Puerto Rico en el que habló con la guardia de seguridad Jailyn Concepción quien hizo varios intentos

Por ello, alegó que logró establecer que la licenciada Jiménez Rosario no había podido ser localizada o evitaba ser emplazada, por lo que solicitó se autorizara el emplazamiento por edicto. Por último, Troche Rivera señaló que, de no autorizarse el emplazamiento por edicto, solicitaba un término adicional de sesenta (60) días para seguir intentando localizar a la licenciada Jiménez Rosario.

El 20 de mayo de 2025, notificada al día siguiente, el TPI emitió una tercera *Orden[12]*. En lo aquí pertinente, el TPI expuso lo siguiente:

> **En este caso, la parte demandante ha sometido dos declaraciones juradas que recogen múltiples gestiones en los presuntos lugares de trabajo de la codemandada.** Sin embargo, como señalamos desde la orden de 22 de abril de 2025, una simple búsqueda en internet refleja una aparente dirección residencial que no había sido visitada.
>
> [...]
>
> **En ese sentido, una (1) sola gestión de visita a dicho apartamento no es suficiente para concluir que la parte demandada o se esconde para ser emplazada, o efectivamente no hay forma de dar con su paradero. Máxime, cuando de la declaración jurada surge que efectivamente vive allí.**
>
> [...]
>
> **Por ende, No ha Lugar hasta que se acrediten gestiones adicionales en el lugar de residencia de la codemandada.**
>
> (Énfasis nuestro).

El TPI nada expresó en cuanto al término adicional que le solicitó Troche Rivera, en la alternativa de que no se autorizara el emplazamiento por edicto.

El 30 de mayo de 2025, Troche Rivera presentó *Moción Urgente en Solicitud de Reconsideración[13]*. Acompañó una cuarta declaración jurada en la que informó gestiones realizadas el 27 de

---

de llamar y una persona que no se identificó le contestó la llamada y le informó que la licenciada Jiménez Rosario no se encontraba en la residencia. Además, declaró que ese mismo día acudió a las oficinas de SPU donde la señora Valdés le informó que la licenciada Jiménez Rosario ya no trabajaba allí y la directora Francis Catara le informó que ella no estaba. Que en el tercer piso Eric Cintrón y Carla Solano le expresaron que la licenciada Jiménez Rosario sí trabajaba allí, pero que no se encontraba.

[12] Entrada Núm. 31 SUMAC-TPI.
[13] Entrada 32 SUMAC TPI.

mayo de 2025 en la dirección residencial de la licenciada Jiménez Rosario, donde luego de varios intentos en llamarla, una persona que rehusó identificarse expresó que la licenciada Jiménez Rosario no se encontraba. Por ello, Troche Rivera reiteró su solicitud de emplazar por edicto. Igualmente destacó que, en la pasada solicitud de emplazamiento por edicto, había solicitado un término adicional para emplazar sobre el cual Tribunal no se había expresado.

Por ende, solicitó al TPI que expresara si el requerimiento de visitar la dirección residencial una vez más constituyó una prórroga tácita o si no le concedió prórroga al demandante para emplazar. Añadió que la demandada es abogada, y habiéndose dejado múltiples mensajes en su área de trabajo y llamado a su teléfono personal sin recibir contestación, esto reflejaba que tenía conocimiento de que era buscada para ser emplazada y estaba evitando que se realizara dicho emplazamiento.

El mismo 30 de mayo de 2025, notificada 3 de junio de 2025, el TPI emitió la *Sentencia Parcial[14]*, en la que concluyó que la solicitud de Troche Rivera era tardía, pues el término de ciento veinte (120) días para emplazar a la licenciada Jiménez Rosario venció el 23 de mayo de 2025. En ese sentido, expuso que la última gestión para tratar de emplazar personalmente a la licenciada Jiménez Rosario se efectuó el día 27 de mayo de 2025 y que la solicitud de emplazamiento por edicto se presentó el 30 de mayo de 2025; habiendo ya transcurrido el término para emplazar.

Además, señaló que, conforme a lo resuelto por el Tribunal Supremo en el caso de *Bernier González v. Rodríguez Becerra[15]* el término para emplazar no es susceptible de ser prorrogado, por lo que, si en dicho término la parte demandante no logró emplazar a

---

[14] La Sentencia Parcial se enmendó *Nunc Pro Tunc* el 2 de junio de 2025 a los fines de corregir el número de caso en el epígrafe.
[15] 200 DPR 637 (2018).

la parte demandada, automáticamente se desestima su causa de acción. A ello añadió que una solicitud de emplazamiento por edicto presentada luego de transcurrido el término de ciento veinte (120) días es improcedente, debido a que los tribunales no poseen discreción para ampliar dicho término, conforme a lo resuelto por el Alto Foro en el caso *Sánchez Ruiz v. Higuera Pérez*[16]. Por lo anterior, el TPI ordenó el archivo de la causa de acción en cuanto a la licenciada Jiménez Rosario.

Insatisfecho, el 30 de junio de 2025, Troche acudió vía apelación y formuló el siguiente señalamiento de error:

> ERR[Ó] EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ABUS[Ó] DE SU DISCRE[C]I[Ó]N Y FUE ARBITRARIO AL NO AUTORI[Z]AR EL EMPLAZAMIENTO POR EDICTO.

## II. Exposición de Derecho

### A. El Emplazamiento

El emplazamiento es un mecanismo procesal por el cual se le notifica al demandado, a grandes rasgos, sobre la existencia de una reclamación presentada en su contra "para así garantizarle su derecho a ser oído y a defenderse **si así lo desea**".[17] Este mecanismo también se utiliza para que un Tribunal pueda adquirir jurisdicción sobre el demandado de forma que este quede obligado por el dictamen que en su día recaiga.[18] En otras palabras, el emplazamiento "representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial".[19]

El demandante ostenta la obligación de dar cumplimiento estricto a los requisitos del emplazamiento y su diligenciamiento,

---

[16] 203 DPR 982 (2020).
[17] *Rivera v. Jaume*, 157 DPR 562, 575 (2002). (Énfasis nuestro).
[18] *Ross Valedón v. Hospital Dr. Susoni Health Community Services, Corp.*, 2024 TSPR 10; *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019); C. E. Díaz Olivo, *Litigación Civil*, 2ª ed. rev., AlmaForte, 2022, pág. 69.
[19] *Álvarez v. Arias*, 156 DPR 352, 366 (2002) (*citando a Acosta v. ABC, Inc.*, 142 DPR 927 (1997)); *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021).

pues existe una política pública que requiere que el demandado sea emplazado y notificado debidamente "para evitar el fraude y que los procedimientos judiciales se utilicen para privar a una persona de su propiedad sin el debido proceso de ley".[20] La falta de un emplazamiento correcto "produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado y la misma no podrá ejecutarse".[21]

Asimismo, bajo la Regla 10.2 de Procedimiento Civil[22], las partes podrán realizar varias defensas, mediante una moción debidamente fundamentada, incluyendo insuficiencia del diligenciamiento del emplazamiento.

Ahora bien, la Regla 4 de Procedimiento Civil,[23] es la que regula el proceso y las formalidades del emplazamiento en casos civiles.[24] Como normal general, la notificación que exige la garantía de debido proceso de ley se satisface por medio de entrega personal a cada demandado del emplazamiento y la demanda. Sin embargo, existen excepciones como el emplazamiento por edicto.[25]

Precisamente, la Regla 4.6 de Procedimiento Civil permite el emplazamiento por edicto cuando no se puede localizar a la persona a emplazarse por alguna de las siguientes razones:

> (a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, **o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes o se oculte para no ser emplazada**, o si es una corporación extranjera sin agente residente **y así se compruebe a satisfacción del tribunal mediante una declaración jurada que exprese dichas diligencias**, y aparezca también de dicha declaración o de la demanda presentada que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga

---

[20] *Rivera Marrero v. Santiago Martínez*, supra, pág. 480; véase, además, *Díaz Olivo, op. cit.*, pág. 69.
[21] *Díaz Olivo, op. cit.*, pág. 69.
[22] Regla 10.2 de Procedimiento Civil, supra, R. 10.2.
[23] Regla 4 de Procedimiento Civil, supra, R. 4.
[24] *Ross Valedón v. Hospital Dr. Susoni Health Community Services, Corp.*, supra; *Pérez Quiles v. Santiago Cintrón*, supra, pág. 384.
[25] *Díaz Olivo, op. cit.*, pág. 82.

por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga mediante edicto.[26]

Como puede verse, antes de que se autorice la publicación de un edicto, la regla citada

> ... *requiere que el juez compruebe a su "satisfacción" las diligencias efectuadas para lograr el emplazamiento personal por quien en esa etapa ulterior desea emplazar mediante edicto. Esa comprobación se realiza mediante la presentación de una "declaración jurada ..."* suficiente en derecho. (Citas omitidas.) *Reyes v. Oriental Fed. Savs. Bank,* 133 D.P.R. 15, 25 (1993).[27]

A esos efectos y para poner al Tribunal en posición de determinar que realmente se realizaron dichas diligencias, el emplazador debe presentar una declaración jurada con "hechos específicos que demuestren las gestiones efectivas realizadas para localizar al demandado y si se ha agotado toda posibilidad razonable disponible al demandante para localizarlo".[28] La declaración jurada que acredita las diligencias realizadas para citar a un demandado personalmente debe expresar hechos específicos y no meras conclusiones o generalidades. De este modo, se deben incluir las personas con quienes se investigó y su dirección. Además, es una buena práctica inquirir de las autoridades de la comunidad, la policía, el alcalde, del administrador de correos, quienes son las personas que con mayor certeza conocen la residencia o el paradero de las personas que viven en la comunidad.[29] Consecuentemente, lo fundamental para que se autorice el emplazamiento mediante edictos es que en la declaración jurada que acompañe la solicitud correspondiente se aduzcan hechos específicos que demuestren, *en las circunstancias particulares del caso en que surja la cuestión,* que

---

[26] Regla 4.6 de Procedimiento Civil, supra (Énfasis suplido); véase, además, *Díaz Olivo, op. cit.,* pág. 82; C. R. Urrutia De Basora & L. M. Negrón Portillo, *Reglas de Procedimiento Civil de Puerto Rico: Preguntas y Respuestas,* 4ª ed. rev., San Juan, Ediciones SITUM, Inc., 2010, pág. 28.
[27] *Global v. Salaam,* 164 DPR 474, 482 (2005).
[28] *Cuevas Segarra, op. cit.,* págs. 353, 356.
[29] *Sánchez Ruiz, v. Higueras Pérez,* 203 DPR 982, 989 (2020).

el demandante ha realizado gestiones potencialmente efectivas para tratar de localizar al demandado y emplazarlo personalmente, y que a pesar de ello ha sido imposible encontrarlo.[30] Al evaluar la suficiencia de tales diligencias, el tribunal deberá tener en cuenta todos los recursos razonablemente accesibles al demandante para intentar hallar al demandado y si se ha agotado toda posibilidad razonable disponible al demandante para poder localizarlo.[31]

De otra parte, en cuanto al término para diligenciar un emplazamiento, la Regla 4.3 (c) de Procedimiento Civil, 32 LPRA Ap. V, 4.3 (c), establece que "[e]l emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda **o de la fecha de expedición del emplazamiento por edicto**".

Al solicitar el emplazamiento por edictos, el término improrrogable de ciento veinte (120) días para emplazar comienza a transcurrir cuando se autoriza y se expide el emplazamiento por edicto.[32]  Para ello, la parte demandante tiene que solicitar su expedición **antes** de que finalice el término para diligenciar el emplazamiento personal.[33]  Así pues, una vez se intenta sin éxito emplazar personalmente a un demandado, y tras acreditar las diligencias realizadas para citarlo personalmente **se solicita emplazarlo por edictos dentro del plazo de ciento veinte (120) días,** comienza a decursar un nuevo término improrrogable de ciento veinte (120) días para emplazar por edictos, **una vez se expida el correspondiente emplazamiento.**[34] Transcurrido dicho término sin que el emplazamiento haya sido diligenciado, "el Tribunal deberá dictar sentencia decretando la desestimación y

---

[30] *Global v. Salaam,* supra, citando a *Lanzó Llanos v. Banco de la Vivienda,* supra, págs. 513–514.
[31] *Íd.*, pág. 515.
[32] *Sánchez Ruiz,* 203 DPR a la pág. 994.
[33] *Íd.* (Énfasis nuestro).
[34] *Sánchez Ruiz,* supra; *Bernier González,* 200 DPR a la pág. 650. (Énfasis nuestro).

archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos".[35]

## III. Aplicación del Derecho a los hechos

En su recurso de apelación, Troche Rivera sostiene que el foro primario incidió al no autorizar el emplazamiento por edicto de la licenciada Jiménez Rosario, y que, al así actuar, abusó de su discreción y fue arbitrario, pues le impuso un requerimiento excesivo de gestiones, lo que ocasionó la desestimación de la demanda por haber transcurrido el término para emplazar. Aduce que la Regla 4.6 de Procedimiento Civil, *supra,* no establece un número de gestiones a realizarse en determinada dirección y que se cumplieron con los requisitos estatuarios y jurisprudenciales para intentar emplazar a la licenciada Jiménez Rosario. Veamos.

De un examen del expediente ante nuestra consideración, surge que, Troche Rivera hizo varias solicitudes de emplazamiento por edicto y acreditó las gestiones requeridas por la Regla 4.6 y jurisprudencia aplicable antes de que venciera el término de 120 días para emplazar, y que este no se cruzó de brazos y fue proactivo en sus intentos para emplazarla. Dichos intentos quedaron plasmados en cuatro declaraciones juradas suscritas por la emplazadora Cruz Flores, las que recogen varias gestiones realizadas en el lugar de trabajo de la licenciada, su oficina particular, su residencia y las gestiones realizadas con las autoridades de la comunidad, tales como la policía, el municipio de Guaynabo y administrador de correos, conforme la buena práctica establecida por la jurisprudencia. Por lo anterior, concluimos que Troche Rivera acreditó satisfactoriamente el cumplimiento con los requisitos necesarios y suficientes para que el foro de instancia

---

[35] *Bernier González*, supra, pág. 646.

determinara que la licenciada Jiménez Rosario no pudo ser emplazada personalmente, a pesar de las gestiones potencialmente efectivas realizadas por el demandante y acreditadas conforme a la Regla 4.6, *supra,* y la jurisprudencia aplicable. Por consiguiente, concluimos que el TPI erró al no autorizar el emplazamiento por edicto.

En la *Sentencia Parcial* apelada, el TPI desestimó bajo el fundamento de que la última gestión requerida por el propio tribunal se efectuó fuera del término. Sin embargo, el foro de instancia no tomó en consideración que, aun ante las denegatorias de autorizar el emplazamiento por edicto, Troche Rivera fue proactivo y cumplió con los requisitos adicionales impuestos por el TPI. Aun habiendo cumplido con estos, el TPI nunca autorizó el emplazamiento por edicto solicitado, lo que provocó que el término que disponía Troche Rivera para diligenciar el emplazamiento venciera, a pesar de sus mejores esfuerzos. Concluimos que el foro primario erró al así actuar, pues aún luego de la primera denegatoria en autorizar los emplazamientos por edicto, la segunda y tercera declaración jurada acreditaban gestiones adicionales <u>suficientes</u> para que se autorizara lo solicitado. Dichas declaraciones de gestiones adicionales se presentaron <u>antes</u> de que venciera el término. En efecto, conforme declarado por la emplazadora Cruz Flores en la tercera declaración jurada, el 14 de mayo de 2025, esta acudió a la Unión donde recibió información contradictoria sobre la licenciada Jiménez Rosario, lo que, conforme alegado por Troche Rivera demostraba que esta evitaba ser emplazada.

Como consecuencia de lo anterior, y de conformidad con la reiterada política judicial de que los casos se ventilen en sus méritos[36], resulta forzoso concluir que incidió el Tribunal de Primera

---

[36] *Datiz v. Hospital Episcopal,* 163 DPR 10, 20 (2004); *Sánchez y otros v. Hosp. Dr. Pila,* 158 DPR 707 (2003); *Valentín v. Mun. De Añasco,* 145 DPR 887, 897 (1998).

Instancia al desestimar la reclamación de Troche Rivera contra la licenciada Jiménez Rosario. Por consiguiente, se revoca la *Sentencia Parcial apelada* y se ordena al TPI a que emita orden para la expedición de emplazamientos por edicto.

Por lo anterior, revocamos la *Sentencia Parcial* y ordenamos al TPI para que expida orden y emplazamiento por edicto.

### IV. Parte Dispositiva

Por los fundamentos que anteceden, los cuales se hacen formar parte de esta Sentencia, se REVOCA la *Sentencia Parcial* del 30 de mayo de 2025. En consecuencia, se ordena al Tribunal de Primera Instancia emitir orden de emplazamiento por edicto.

Notifíquese.

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones